IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JODY DEAN SEELYE,

    Petitioner,                    No. CIV S-06-0162 FCD GGH P

   vs.

A.K. SCRIBNER, et al.,

    Respondents.              FINDINGS & RECOMMENDATIONS
_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. This action was transferred to this court from the Fresno Division by Order filed on January 23, 2006.

        Petitioner challenges a March 21, 1988 Shasta County Superior Court conviction upon which he was sentenced to life without the possibility of parole by his guilty plea to first degree murder with the special circumstance that the murder was for financial gain. Form petition, p. 2.

        Petitioner sets forth as the grounds of his petition: 1) his right to due process under the Fourteenth Amendment was denied where the probation officer's pre-sentence report was statutorily deficient in form and content; 2) guilty plea was not made freely, voluntarily, intelligently, knowingly and on advice of competent and informed counsel; 3) in violation of due

1

process, the plea was not made knowingly or intelligently due to petitioner's mental illness and personality disorder at the time of the plea; 4) prosecution's voir dire administered to petitioner for purpose of waiver of constitutional rights pursuant to his plea did not resolve the question of competence, in violation of petitioner's federal constitutional rights.

Petitioner sets forth that he has brought two state court habeas petitions since his plea agreement, one denied in Shasta County Superior Court on August 7, 1992 on a claim of ineffective assistance of counsel, a claim that he avers has never been exhausted. His second petition to the Shasta County Superior Court, denied on October 15, 2003, apparently raised claim 1, above, and at least a portion of claim 2. Although petitioner checked a box indicating that he has exhausted the second petition, he provides no information as to when any such exhaustion may have occurred or any other proof of such exhaustion.

This petition should be summarily dismissed because the claims, such as they are, appear to be unexhausted. They are also far outside the applicable statute of limitations that even assuming petitioner has framed viable grounds for relief, none would be available; however, the court need not reach this ground.

Exhaustion

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). It appears that most, if not all, of the claims, all of which are extremely belated, have never actually been presented to the California Supreme Court.

The court must recommend dismissal with prejudice of this application for its patent deficiency.

1  Accordingly, IT IS RECOMMENDED that this petition be summarily dismissed
2  without prejudice.
3  These findings and recommendations will be submitted to the United States
4  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
5  twenty days after being served with these findings and recommendations, petitioner may file
6  written objections with the court.  Such a document should be captioned "Objections to Findings
7  and Recommendations."  Petitioner is advised that failure to file objections within the specified
8  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
9  (9th Cir. 1991).
10 DATED:   3/10/06

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
seel0162.fr